Lemire, James R., J.
The defendant, Alfred Rozumek (“Rozumek”), president of Daco Mechanical and Contracting Co., Inc. (“Daco”), signed an agreement to obtain goods on credit from the plaintiff, F.W. Webb Company (“F.W. Webb”). Daco defaulted on the account and F.W. Webb sued for breach of contract against Daco (Count I) and Rozumek (Count II). In District Court, F.W. Webb obtained a default judgment against Daco. This matter is before the court on F.W. Webb’s motion for summary judgment pursuant to Mass.R.Civ.P. 56 on Count II of its complaint and Rozumek’s cross motion for summary judgment. For the following reasons, F.W. Webb’s motion for summary judgment is DENIED and Rozumek’s cross motion for summaryjudgment is DENIED.

BACKGROUND

The undisputed facts and the disputed facts viewed in the light most favorable to the non-moving party, as revealed by the summary judgment record, are as follows.
On May 24, 1993, Rozumek and F.W. Webb executed an agreement (“the Agreement”) whereby F.W. Webb would provide goods to Daco on credit. Rozumek signed the Agreement and added the word “President” after his signature.[1] The Agreement contained a term dictating that “(t]he undersigned hereby unconditionally guarantee payment of whatever amount or amounts shall at any time be owing to F.W. WEBB COMPANY on account of goods hereafter delivered, whether said indebtedness is in the form of notes, bills, or open account.” Subsequently, F.W. Webb delivered goods to Daco. Thereafter, Daco’s account went into default.
Rozumek contends that he signed a credit application for the purpose of opening a corporate charge account with the plaintiff, and that he did so in his capacity as president of Daco. He maintains that he never intended to be personally liable.
On May 31, 1995, F.W. Webb sued the defendants in Fitchburg District Court. On November 3, 1995, F.W. Webb requested a default judgment against Daco. On November 7, 1995, the District Court entered default against Daco. On November 15, 2002, the District Court dismissed the case pursuant to Mass.R.Civ.P. 4(j). On March 11, 2004, F.W. Webb moved to remove the dismissal as to Rozumek. On April 5, 2004, the District Court judge granted F.W. Webb’s motion to removal dismissal. On June 24, 2004, Rozumek moved to remove the case to Superior Court. On October 24, 2006, F.W. Webb moved for summaryjudgment pursuant to Mass.RCiv.P. 56 and Rozumek’s opposition included a cross motion for summary judgment.

DISCUSSION

Summaryjudgment is appropriate if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). It is the moving party’s burden to affirmatively demonstrate the absence of a triable issue, and that the summary judgment record entitles him to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991).
F.W. Webb contends that by signing the Agreement, Rozumek assented to a personal guaranty. Conversely, Rozumek contends that he is not liable for Daco’s debt because he signed the Agreement as Daco’s president and because the Agreement does not contain language that establishes a “personal” or “individual” guaranty.[2]
Here it is clear that Rozumek qualified his signature by adding the word “President.” Ordinarily, “when the name of a corporation is followed by the name and office of an authorized individual, that signature is made in a representative capacity.” First Safety Nat’l Bank v. Friel, 23 Mass.App.Ct. 583, 585 (1986); see G.L.c. 106, §3-402. However, where the document itself is, by its plain wording, a personal guarantee (i.e., it is titled “Guaranty,” and its straightforward terms describe a personal guarantee), “insertion of the word ‘President’ after his signature on such a guarantee can not frustrate the clear purpose of the document . . .” F.W. Webb Co. v. Oil Burner Serv., Civil No. 94-0906 (Middlesex Super.Ct. Dec. 21, 1994) (Sos-man, J.) [3 Conn. L. Rptr. 249). The issue then is whether the document’s purpose and wording are clear.
“A guaranty is a contract ‘like all other contracts.’ Merchants Nat’l Bank v. Stone, 296 Mass. 243, 250 (1936). When the words of the guaranty ‘are clear they alone determine the meaning.’ Merrimack Valley Nat'l Bank v. Baird, 372 Mass. 721, 723 (1977).” Federal Financial Co. v. Savage, 431 Mass. 814, 817 (2000). When a contract is unambiguous, its interpretation is a question of law that is appropriate for a judge to decide on summaiy judgment. Where, however, the contract has terms that are ambiguous, uncertain, or equivocal in meaning, the intent of the parties is a question of fact for the juiy to resolve at trial. Seaco Ins. Co. v. Barbosa, 435 Mass. 772, 779 (2002). See *644 Commercial Union Ins. Co. v. Boston Edison Co., 412 Mass. 545, 557 (1992); see also Trafton v. Custeau, 338 Mass. 305, 307-08 (1959).
Further, the determination of whether a contract is in fact ambiguous is a question of law for the Court. See Allen v. Adage, Inc., 967 F.2d 695, 698 (1st Cir. 1992). A contract’s language is ambiguous where “the phraseology can support reasonable differences of opinion as to the meanings of the words employed.” Coll v. PB Diagnostic Systems, Inc., 50 F.3d 1115, 1122 (1st Cir. 1995). That is the situation here, where the parties have presented the Court with conflicting interpretations of the contract language. Because those interpretations indicate reasonable differences of opinion as to both the meaning of the words and the intent of the parties, the language is, as a matter of law, ambiguous and must be resolved by a fact finder. Consequently, the contract dispute presented by the parties may not be resolved as a matter of law. Thus, there is a genuine issue of material fact as to whether Rozumek signed the Agreement solely in his representative capacity. Summary judgment in favor of either party is inappropriate.

ORDER

For the foregoing reasons, F.W. Webb’s motion for summary judgment pursuant to Mass.R.Civ.P. 56 on Count II of its complaint is DENIED and Rozumek’s cross motion for summary judgment is DENIED.

The bottom right-hand corner of the Agreement contains two signature lines. Below the line where Rozumek signed, the Agreement reads: “Signature of Guarantor.” Below the second line that was left unsigned, the Agreement reads: “Signature of Guarantor (Spouse or Partner).’’

Rozumek also asserts that the Agreement is an unenforceable adhesion contract.